NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DENISE LEAVITT,                           )
                                          )
        Appellant/Cross-Appellee,         )
                                          )
v.                                        )        Case No. 2D17-2174
                                          )
MALLORY MOLTER, as personal               )
representative of the Estate of Danny E.  )
Molter, deceased,                         )
                                          )
        Appellee/Cross-Appellant.         )
_____   )

Opinion filed August 29, 2018.

Appeal from the Circuit Court for Manatee
County; Charles Williams, Judge.

Richard Barton Ray of Paster & Ray,
P.A., Bradenton, for Appellant/Cross-
Appellee.

Andrea M. Johnson of Law Office of
Andrea M. Johnson, P.A., Bradenton,
for Appellee/Cross-Appellant.


KELLY, Judge.

        Denise Leavitt appeals from the probate court's order overruling her

objections to the final accounting and inventory filed by Mallory Molter as personal

representative of the estate of Danny E. Molter and the order striking what she

characterized as a petition for declaratory judgment, to quiet title, to construe the will, and to remove and surcharge the personal representative. Ms. Molter, as personal representative, cross-appeals from the portion of the order approving the accounting and inventory but requiring her to file a supplement. We affirm without comment the issues raised in Ms. Leavitt's appeal. As to the cross-appeal, we reverse the portion of the probate court's order requiring the personal representative to file a supplement to the inventory and accounting.

In the cross-appeal, Ms. Molter argues that the probate court erred when it required the estate to file a supplement to its final accounting and inventory to include the decedent's collection of firearms as estate assets. We agree with Ms. Molter that Ms. Leavitt waived this issue because she did not timely object to the omission of the firearms. Florida Probate Rule 5.401(a) states that "[a]n interested person may object to the petition for discharge or final accounting within 30 days after the service of the later of the petition or final accounting on that interested person." Because an objection was not timely filed it was waived. Accordingly, it was error for the probate court to order the supplement. On remand, the probate court should strike that provision of its order. In all other respects the order is affirmed.

Affirmed in part and reversed in part.


SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.